Hall, Judge.
 

 —The object in registering mortgages and deeds of trust is, to guard against fraud and deception, by giving notice of the real situation of the debtor to all who may be interested in knowing it. To that end the Legislature have declared, that no mortgage or deed in trust for any estate, whether
 
 real or persona
 
 
 *319
 
 shall be good against creditors or purchasers, proved and registered within six months.
 
 (Jlct of
 
 1820,
 
 Revisal ch.
 
 1037.)
 

 The obvious intent of the act, so far as creditors and purchasers are concerned, is to give publicity to conveyances which transfer the title of property to others, when the debtor retains the possession of it, and uses it as his own. it is true, generally speaking, that there cannot be such a possession of
 
 dioses
 
 in action, when separated from the right, as would be so likely to deceive third persons. But it is in suppression of the mischief, and in furtherance of the remedy, to require that mortgages and deeds of trust of
 
 chases
 
 in action, should also be registered.
 
 Chases
 
 in action are rights which may give a credit to the person in whom they are vested, and a transfer of them
 
 in secret,
 
 contrary to the reputed right, might readily tend to fraud and deception.
 
 Chases
 
 in action, judgments, debts, &c. are certainly included in the term
 
 personal estate.
 
 And that they come within the mischief intended to he remedied, is proved by the present controversy.
 
 Blackstone,
 
 (vol. 2, 398,) divides personal property into that which is in possession and that which is in action.
 

 From the premises, I must conclude that the debt due from
 
 John Williams
 
 &
 
 Co.
 
 to
 
 Helme,
 
 evidenced, the bill states, by a decree, is personal estate, and that a conveyance of it in trust must be registered according to the act of Assembly, herein before recited.
 

 Per Curiam.
 

 — Dismiss the bill with costs.